## UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

Civil Action No.  1:24-cv-01292-___-___

Spirit Hounds LLC
                Plaintiff,

    vs.

Kimley-Horn and Associates, Inc.
                Defendant.

## ANSWER

Defendant Kimley-Horn and Associates, Inc. ("Kimley-Horn"), by and through its counsel of record, Wood, Smith, Henning & Berman, LLP, respectfully submit its *Answer* to Plaintiff's Complaint as follows:

### PARTIES

1. Without knowledge or information sufficient to form a belief as to the truth of the averment, therefore deny.

2. Deny Kimley-Horn has a local place of business at 770 E. Arapahoe Road, Suite 220, Centennial, CO 80112.  Admit the remaining averments.

### JURISDICTION AND VENUE

3. Admit, subject to removal to federal court if and as permitted under diversity jurisdiction.

4. Admit, subject to removal to federal court if and as permitted under diversity jurisdiction.

## GENERAL ALLEGATIONS

5. Plaintiff engaged Kimley-Horn to provide certain work and/or services at Plaintiff's distillery in Lyons, CO pursuant to a March 18, 2022 Proposal for Civil Scope Letter Agreement (the "Contract") which is a valid and binding written contract, the terms of which speaks for itself. Deny to the extent the averment misstates or is inconsistent with the express language in the Contract.

6. Admit the Contract speaks for itself and deny to the extent the averment misstates or is inconsistent with the express language in the Contract.

7. Admit the Contract speaks for itself and deny to the extent the averment misstates or is inconsistent with the express language in the Contract.

8. Deny.

9. Deny.

10. Deny.

11. There is no Paragraph 11 in Plaintiff's Complaint.

12. There is no Paragraph 12 in Plaintiff's Complaint.

13. Deny.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

14. Kimley-Horn incorporates by reference its responses above by as if fully set forth here.

15. Admit the Contract speaks for itself and deny to the extent the averment misstates or is inconsistent with the express language in the Contract.

16. Admit the Contract speaks for itself and deny to the extent the averment misstates or is inconsistent with the express language in the Contract.

32634593.1:12546-0002

17. Admit the Contract speaks for itself and deny to the extent the averment misstates or is inconsistent with the express language in the Contract.

18. Deny.

19. Deny.

20. Deny.

21. Deny.

## WHEREFORE CLAUSE

Kimley-Horn denies the averments, if any, in Plaintiff's Wherefore clause following Paragraph 21 in the Complaint.

## GENERAL DENIAL

Kimley-Horn denies all averments not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff's damages are barred or limited by Section 9 – Limitation of Liability of Kimley-Horn and Associates, Inc. Standard Provisions, incorporated by reference into the Contract at page 8. Plaintiff's damages, if any, are thereby limited to twice the total compensation received by Kimley-Horn under the Contract or $50,000, whichever is greater.

2. Waiver.  Section 10 of Kimley-Horn and Associates, Inc. Standard Provisions, incorporated by reference into the Contract at page 8, contains a Mutual Waiver of Consequential Damages provision.  Plaintiff has waived all claims for consequential, incidental, punitive, or indirect damages including but not limited to loss of income or loss of profits.

3. Failure to satisfy conditions precedent.  Section 13 of Kimley-Horn and Associates, Inc. Standard Provisions, incorporated by reference into the Contract at page 8, expressly mandates

32634593.1:12546-0002

that all claims by Plaintiff arising out of the Contract shall be submitted first to mediation as a condition precedent to litigation.

4. Lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted pursuant to C.R.C.P. 12(b). Section 13 of Kimley-Horn and Associates, Inc. Standard Provisions, incorporated by reference into the Contract at page 8, expressly mandates that all claims by Plaintiff arising out of the Contract must be commenced within one year of the accrual date of the cause of action asserted. Plaintiff's claim accrued, at the latest, on February 15, 2023 when non-party Van Horn Engineering & Surveying, Inc. ("VH") submitted an invoice to Plaintiff related to costs incurred to perform a redesign due to Kimley-Horn's allegedly defective work. Plaintiff, by filing its Complaint on March 20, 2024, failed to bring this action prior to expiration of the one year period bargained for in the Contract. As such, Plaintiff's claims are time-barred as a matter of law.

RESPECTFULLY submitted this 9th day of May, 2024.

WOOD, SMITH, HENNING & BERMAN LLP

By: */s/ Ryan M. Hicks*
Ryan M. Hicks, Reg. No. 48477
WOOD, SMITH, HENNING & BERMAN LLP
1805 Shea Center Drive, Suite 200
Highlands Ranch, CO 80129
rhicks@wshblaw.com
(720) 479-2500 office
(303) 471-1855 fax
*Attorneys for Defendant Kimley-Horn and Associates, Inc.*

32634593.1:12546-0002